**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4983**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

KEVIN DEVON MCCORMICK,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00263-WO-1)

Submitted:  October 27, 2011     Decided:  November 17, 2011

Before KING, AGEE, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

David Bruce Freedman, CRUMPLER, FREEDMAN, PARKER & WITT, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Devon McCormick pled guilty pursuant to a written plea agreement to one count of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Following the entry of his guilty plea, McCormick moved to withdraw it. The district court denied that motion after a hearing.

The district court sentenced McCormick as a career offender, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2009). At sentencing, McCormick lodged an objection to his designation as a career offender, arguing that he could not have received a sentence in excess of one year for certain predicate offenses because of the class of the state offenses and his prior record level. However, McCormick noted that his argument failed under United States v. Harp, 406 F.3d 242 (4th Cir. 2005). The district court denied McCormick's objection and sentenced him to 270 months' imprisonment.

McCormick timely appealed the district court's conviction and sentence. Following the issuance of this court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), McCormick filed an unopposed motion to vacate his sentence and remand to the district court for resentencing. This course of action was recommended as well by the Government in its brief. We affirm McCormick's conviction, grant his

2

motion to vacate his sentence, and remand to the district court for resentencing in light of Simmons.

McCormick's sole challenge to his conviction is that the district court erred in denying his motion to withdraw his guilty plea. This court reviews for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). A defendant seeking to withdraw his guilty plea bears the burden of demonstrating that withdrawal should be granted. Id. In deciding whether to permit withdrawal, a district court should consider: (1) whether defendant offers credible evidence that his plea was involuntary; (2) whether the defendant credibly asserts his legal innocence; (3) the extent of a delay between entry of the plea and filing of the motion; (4) "whether the defendant has had close assistance of counsel;" (5) whether withdrawal of the plea will prejudice the government or (6) waste judicial resources. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Our thorough review of the record leads us to conclude that the district court fully assessed these factors and did not abuse its discretion in denying McCormick's motion to withdraw his guilty plea.

McCormick next challenges his sentence. He claims that the predicate offenses used to designate him as a career offender, pursuant to USSG § 4B1.1, were not punishable by a

3

term exceeding one year. A defendant is a career offender under the Guidelines if he was at least eighteen when he committed the instant offense, that offense is a felony crime of violence or controlled substance offense, and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A "prior felony conviction" must, among other requirements, be punishable for a term exceeding one year. USSG § 4B1.2 cmt. n.1.

McCormick contends that his career offender designation was improperly predicated upon multiple prior North Carolina convictions that were not punishable by more than one year of imprisonment. When McCormick raised this argument in the district court, it was foreclosed by our decision in Harp, 406 F.3d at 246-47 (holding that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year," the court should consider "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history" and not the maximum sentence that could be imposed on the actual defendant being sentenced (emphasis omitted)). Recently, however, this court overruled Harp with our en banc decision in Simmons, 649 F.3d at 249-50 (holding that consideration of hypothetical aggravating factors and criminal history is inappropriate when determining whether a prior offense constitutes a felony).

4

In light of <u>Simmons</u>, McCormick's challenge to his enhanced sentencing as a career offender warrants further consideration. We cannot determine from the current record whether the underlying North Carolina convictions supporting McCormick's designation as a career offender constitute prior felony convictions. That determination should be made by the district court after supplementing the record as needed. Accordingly, we grant McCormick's motion to vacate his sentence and remand to the district court for resentencing consistent with <u>Simmons</u>.[1]

Based on the foregoing, we affirm McCormick's conviction, vacate his sentence, and remand to the district court for further proceedings.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>

---

[1] We of course do not fault the Government or the district court for relying upon unambiguous circuit authority at the time of McCormick's conviction.

[2] In view of this disposition, we find it unnecessary to consider McCormick's Fair Sentencing Act claim.